## ALLEGATIONS UNDER THE WORKMEN'S COMPENSATION ACT.

Superior Court of Cincinnati.

JULIUS ZOZ v. LUNKENHEIMER COMPANY.

Decided, May, 1913.

*Pleading——Allegations Under the Workmen's Compensation Act Which Are Good Against Motion to Strike Out—Section 1465-60.*

In an action to subject an employer to the increased liability imposed by Section 1465-60, an allegation that the defendant employs five or more workmen in the same business and has failed to subscribe to the state insurance fund for injured employees, sets out facts showing that the defendant is subject to the provisions of the workmen's compensation act and will not be stricken out as irrelevant.

*Nicholas Klein*, for plaintiff.
*Robertson & Buchwalter*, contra.

PUGH, J.

This case comes before the court on motion of the defendant to strike out certain specific parts of the petition on the ground that they are irrelevant to the cause of action therein stated.

1. The first item specified in the motion is as follows:

"Plaintiff further avers that the defendant employs five or more workmen regularly in the same business and about the same premises and that it does not pay into the state insurance fund of the State Liability Board of Awards, maintained by the state of Ohio."

This is an action wherein the plaintiff alleges that he was an employee of the defendant and that in the course of his employment he received certain personal injuries through the negligence of his employer. As the alleged injury was received June 26, 1912, the case comes under the workmen's compensation act.

It has already been decided by this court that the liability imposed by the act in question (General Code, Section 1465-60), on an employer who has not subscribed to the state insurance fund, consists in something more than a mere withdrawal of the right to make the common law defenses of contributory negli-

gence, assumption of risk and negligence of a fellow-servant, in that it also makes him liable for any wrongful act, neglect or default on his part. It was pointed out in that decision that the test of liability in this regard was not whether such employer exercised ordinary care or not, but that it was solely whether he was guilty of any wrongful act, neglect or default whatever. The statute creates a liability of employer to employee that was unknown to the common law and unknown in this state before the statute. Such liability, evidently, was not to be imposed on all employers, but only upon those who have failed to protect themselves by taking advantage of the preceding sections of the statute by subscribing to the state insurance fund. It is obvious that if it is intended in any particular instance to subject an employer to such new liability by an action at law for damages for personal injuries claimed to have been caused by wrongful act, neglect or default on his part, it is essential to set out in the petition the matters of fact which show that he is one of the classes of employers upon whom the statute imposes such new liability. The case is analogous to an action by a passenger against a common carrier, where in order to subject the defendant to the greater liability imposed by law on common carriers the facts showing that the defendant comes within the class of those who are subjected to such increased liability must be set out in the petition. *Schaefer* v. *Tool Co.,* 13 N.P.(N.S.), 553.

The defendant's motion to strike out the allegation above quoted is based upon the theory that Section 1465-60, General Code, increases the employer's liability in one respect only, namely, by withdrawing from him the right to set up the common law defenses above specified. In the judgment of this court this is an erroneous view of the statute.

2. The other parts of the petition which it is sought by this motion to strike out, namely, that the defendant was guilty of neglect and default in failing to provide a hood for the machine, and that it was the custom for other manufacturers in the trade to provide such a hood, are pertinent to the alleged neglect and default sought to be put in issue.

The motion will therefore be overruled.